ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| MUNICIPIO AUTÓNOMO DE COAMO RECURRIDO v. DANIEL REINALDO EISENMANN ÁVILES PETICIONARIO | TA2026CE00131 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Coamo Caso Núm: AI2025CV00333 Sobre: Expropiación forzosa |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 26 de febrero de 2026.

El señor Daniel Reinaldo Eisenmann Avilés (Peticionario) comparece ante esta Curia mediante un recurso de *Certiorari,* acompañado de una solicitud en auxilio de jurisdicción. Nos solicita que revoquemos la *Orden Señalando Vista* que notificó el Tribunal de Primera Instancia, Sala Superior de Coamo (TPI o foro primario), el 9 de enero de 2026. En ella, el foro primario señaló para el 2 de febrero de 2026 la vista para establecer la justa compensación de la propiedad inmueble objeto de expropiación.

Mediante una *Resolución* notificada el 4 de febrero de 2026, declaramos no ha lugar a la solicitud en auxilio de jurisdicción. Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *Certiorari.*

**I.**

Surge del expediente que, el 10 de julio de 2025, el Municipio Autónomo de Coamo (Municipio) instó ante el foro primario una *Petición* de expropiación forzosa, al amparo del Art. II, Sec. 9, Const. PR, 1 LPRA; de la Ley de 12 de marzo de 1903, según enmendada, conocida como la Ley General de Expropiación Forzosa, 32 LPRA

sec. 2901 *et seq*; de la Regla 58 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 58; y de la Ley Núm. 107-2020, Código Municipal de Puerto Rico (Código Municipal).[1]

Como fundamento para la expropiación, el Municipio expuso que, desde el año 2000, más de 100 residentes del Sector la Cuesta del Barrio Pasto de Coamo se han servido del pozo hincado en la finca objeto de este pleito, como único recurso de agua potable disponible. Añadió que, desde que el Peticionario adquirió el referido inmueble en el año 2021, ha dificultado e impedido que los residentes del Barrio Pasto tengan acceso al agua potable del pozo que enclava en su propiedad. Surge de las alegaciones de la demanda que, la Autoridad de Acueductos y Alcantarillados no provee, ni tiene un proyecto programado para ofrecer servicio de agua potable a dicha comunidad.

El Municipio invocó el Artículo 2.018(a)(2)(ii) del Código Municipal, 21 LPRA sec. 7183, al expresar su interés en adquirir -en pleno dominio- el derecho sobre 2.07 cuerdas de terreno del inmueble propiedad del Peticionario, particularmente, en el área donde ubica el mencionado acueducto comunitario y sus estructuras. Arguyó que, lo antes, constituye una necesidad y utilidad pública. Efectuada la tasación y su correspondiente ratificación, estimó como justa compensación la suma de $36,000.00.[2]

Luego de varias incidencias procesales y tal cual lo requiere la Regla 58 de las Reglas de Procedimiento Civil, *supra,* el Municipio presentó su *Proyecto de Resolución.* Tras dictaminar que el

---

[1] Junto a su *Petición,* el Municipio presentó los siguientes documentos: Exhibit I-Ordenanza 32 Serie 2024-2025; Exibit A-Descripción registral de la finca objeto de expropiación; Exhibit B y B1-*Appraisal report of a parcel of land property located at "SanDiego Ward["], Coamo Puerto Rico;* Exhibit C-Plano de Agrimensura; Anejo II-Recibo de solicitud de certificación registral; Anejo III-Declaración para la adquisición y entrega material de la propiedad; Anejo IV-Cheque 067708; Emplazamiento.

[2] El Sr. Víctor Rafael Mesa Matos, evaluador profesional de bienes raíces de Agromesa & Associates Economist Appraisers, rindió su Informe de Valoración, el cual fue revisado por el Sr. José A. Alcalá Colón, tasador revisor de JJ Alcalá Appraiser. Este último, estimó que el valor por cuerda promedio debe fluctuar entre $5,927 y $18,027.

Municipio cumplió con todas las formalidades de ley, el TPI le confirió el dominio absoluto sobre la propiedad objeto de expropiación. A esos efectos, notificó un dictamen, el 22 de agosto de 2025, en el cual ordenó al Peticionario, como persona con interés en la propiedad objeto de este recurso, a hacer entrega material del inmueble al Municipio. Además, requirió de la Secretaría del Tribunal expedir el Mandamiento al Alguacil para notificar y entregar -de forma inmediata- copia de este dictamen a las personas o entidades con interés en el inmueble. Asimismo, instruyó al Registrador de la Propiedad correspondiente a inscribir a favor del Municipio el título pleno y el dominio absoluto de esta propiedad.

Antes del Municipio emplazar al Peticionario, este compareció por primera vez, el 20 de octubre de 2025, mediante una *Moción solicitando autorización para radicar electrónicamente (SUMAC) como parte pro se.* Allí, solicitó acceso al tribunal electrónico para presentar sus escritos por derecho propio. En igual fecha, solicitó la nulidad de la entrega de dominio de su propiedad y la desestimación de la causa de expropiación. Indicó no haber sido notificado de las actuaciones del TPI sobre este particular, por lo cual, a su entender, el foro actuó sin jurisdicción sobre su persona. Expresó ser miembro activo del *US Marine Corps* de los Estados Unidos y estar actualmente destacado en *Fort Meade, Maryland.* Puntualizó que, el incumplimiento con los requisitos de notificación que dispone el *Servicemembers Civil Relief Act (SCRA),* 59 USC secs. 3901-4043, constituyó una violación a su debido proceso de ley.

Según le fue requerido, el Municipio se expresó en torno al escrito del Peticionario quien, a su entender, se sometió voluntariamente a la jurisdicción del Tribunal. Discutió que, una vez radicada la demanda de expropiación y el legajo correspondiente, la propiedad quedó expropiada, por virtud del inciso (10) del Artículo 2.018 del Código Municipal, *supra,* sin que dicha disposición

establezca requerimientos adicionales.[3] Aseguró que, el requisito de notificación para que el tribunal adquiera jurisdicción sobre la persona no es aplicable a esta causa, debido a que, la ley que rige estos hechos es el Código Municipal, siendo la Ley de Expropiación Forzosa que invocó el Peticionario de aplicación supletoria. Expresó que, de las gestiones realizadas dirigidas a localizar y emplazar al Peticionario no surgió información que demostrara que en ese momento él estuviese activo en el servicio militar.

Evaluado lo anterior, el 21 de octubre de 2025, el foro primario dispuso que el Peticionario se sometió voluntariamente a la jurisdicción del TPI. En igual fecha, denegó su solicitud de litigar por derecho propio, producto de lo cual, le concedió un término para anunciar representación legal.

En desacuerdo, el Peticionario instó una *Moción Aclaratoria* en donde negó que su comparecencia constituyera una sumisión voluntaria a la jurisdicción del foro primario e imploró que se salvaguarde su debido proceso de ley y sus garantías procesales. El Municipio se opuso a lo antes bajo el fundamento de que, según expresó el Peticionario en su primera comparecencia, el servicio militar activo que actualmente ejercita no le impide participar y aportar a sus defensas, por lo que, renunció a la protección de la ley federal *SCRA*. Reiteró que, el Peticionario se sometió voluntariamente a la jurisdicción del TPI y, con ello, quedó subsanado cualquier presunto defecto en la notificación, conforme a lo resuelto por el Alto Foro en *Cirino González v. Adm. Corrección et al.,* 190 DPR 14 (2014).

---

[3] El Artículo 2.018(10) del Código Municipal, *supra,* lee en lo pertinente:
  Tan pronto el municipio expropiante radique la Petición de Expropiación junto a la Declaración para la Adquisición y Entrega Material de la Propiedad, conforme a la Regla 58.3 de las Reglas de Procedimiento Civil de Puerto Rico, para beneficio y uso de la persona o personas naturales o jurídicas que tengan derecho a la misma, el título absoluto de dominio de dicha propiedad, o cualquier derecho o interés menor en la misma según quede especificado en la declaración, quedará investido en el municipio expropiante, y tal propiedad deberá considerarse como expropiada y adquirida para el uso del municipio que hubiese requerido la expropiación, y el derecho a justa compensación por la misma quedará investido en la persona o personas a quienes corresponda. [...]

Acto seguido, el foro primario notificó un dictamen, el 10 de noviembre de 2025, mediante la cual dejó sin efecto su determinación previa sobre la sumisión voluntaria del Peticionario a la jurisdicción del Tribunal.[4] En su consecuencia, ordenó al Municipio cumplir con los requerimientos que a esos efectos establece la Regla 58.4(c)(2) de Procedimiento Civil, 32 LPRA Ap. V, R. 58.4(c)(2). Lo antes, a pesar de que nuestro ordenamiento jurídico establece que, la falta de emplazamiento del Peticionario no impidió al foro primario adjudicar el título absoluto de dominio a favor del Municipio, por tratarse de una acción *in rem.* Resolvió que, la falta de la declaración jurada que requiere la legislación federal *SCRA* no anula su dictamen, en todo caso, permite su reapertura, siempre y cuando el Peticionario, como miembro de las fuerzas armadas, demuestre que estar en el servicio militar activo afectó sustancialmente su capacidad para defenderse, requisito con el cual no cumplió.

Al amparo de la Regla 58.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 58.5, el TPI ordenó al Peticionario contestar la demanda dentro de los treinta (30) días de haber sido emplazado por edicto, de lo contrario, se entenderá que renunció a todas las objeciones y defensas. Además, expuso que, quedó pendiente la determinación de la justa compensación, por lo que, procede celebrar la vista para determinar el justo valor de la servidumbre adquirida. Por último, advirtió que el Peticionario, como parte con interés, puede acudir en revisión judicial de esta adjudicación, únicamente, para cuestionar el fin público al cual se destinará la propiedad expropiada y la cuantía designada como justa compensación, no así la expropiación en sí.

En reacción, el 12 de noviembre de 2025, el Peticionario instó una *Contestación Especial y Limitada en Oposición a Moción del Municipio y Solicitud de Desestimación con Perjuicio.* En ella, hizo

---

[4] Cabe señalar que, el dictamen intitulado *Resolución Enmendada* fue enmendado a los únicos fines de corregir el alfanumérico del caso.

constar que su comparecencia no constituye una sumisión voluntaria a la jurisdicción del TPI ni una renuncia a la defensa de falta de jurisdicción sobre su persona. Arguyó que, con su comparecencia pretende "impugnar la validez del proceso de expropiación, salvaguardar los derechos constitucionales del compareciente, y preservar todas las objeciones jurisdiccionales y federales correspondientes."[5] En particular, abundó sobre el defecto de notificación, sobre la falta de jurisdicción sobre su persona, y sobre la protección que le confiere el *Servicemembers Civil Relief Act* como fundamento para invocar la nulidad de la orden de entrega de dominio y para solicitar la desestimación de la petición de expropiación.

Evaluado lo antes, mediante una *Resolución,* notificada el 13 de noviembre de 2025, el TPI proveyó no ha lugar a la solicitud del Peticionario y lo refirió a su dictamen notificado el 10 de noviembre de 2025. Tras solicitar sin éxito la reconsideración de dicho pronunciamiento, el 21 de noviembre de 2025, el Peticionario acudió ante un panel hermano de esta Curia mediante el Recurso Núm. TA2025CE00802, acompañado de una *Moción Urgente Solicitando Suspensión de Efectos*. En dicho recurso, el Peticionario imputó al TPI, entre otros, haber actuado sin jurisdicción sobre su persona cuando mantuvo la orden de entrega de dominio sobre la propiedad objeto de esta causa, a pesar de que, a su entender, él no había sido emplazado conforme a derecho.[6] Luego de denegar la moción en auxilio de jurisdicción, el 12 de diciembre de 2025, el panel hermano notificó una *Resolución* en la cual se negó a expedir el auto de *certiorari*. En atención a los errores planteados, uno de ellos de

---

[5] Entrada Núm. 33 en SUMAC TPI, pág. 9.
[6] En el Recurso Núm. TA2025CE00802 los errores imputados fueron:
   Error 1 – El Tribunal reconoció que erró sobre la sumisión voluntaria, pero mantuvo la orden emitida sin jurisdicción.
   Error 2 - Se admitió la falta de certificación militar bajo el SCRA, requisito indispensable, y aun así el tribunal validó el proceso.
   Error 3 - Se validó un emplazamiento por edicto improcedente pese a que el Municipio conocía la dirección, teléfono y correo del apelante.
   Error 4 -El Tribunal extendió ilegalmente el término de 120 días sin solicitud del demandante y fuera de término.
   Error 5 - El Tribunal utilizó incorrectamente la teoría "in rem" para evadir el debido proceso.

carácter jurisdiccional, el panel hermano resolvió no identificar error en derecho o abuso de discreción por parte del TPI que justifique intervenir con el dictamen recurrido. Con ello, dejó inalterada la jurisdicción del foro primario sobre la causa instada. Posteriormente, también denegó la solicitud de reconsideración del Peticionario.[7]

Entretanto, el 11 de diciembre de 2025, el Municipio acreditó ante el foro primario haber emplazado al Peticionario por edicto los días 14, 21 y 28 de noviembre de 2025; y haber remitido copia del emplazamiento y de la demanda por correo certificado con acuse de recibo a la última dirección conocida del Peticionario.

Coetáneo con su recurso ante el Tribunal de Apelaciones, el 15 de diciembre de 2025, el Peticionario también solicitó la paralización de los procedimientos ante el TPI. En respuesta, el TPI notificó una *Orden,* el 16 de diciembre de 2025, en la cual denegó la paralización y concedió al Peticionario hasta el 29 de diciembre de 2025 para contestar la demanda. Vencido el término concedido sin el Peticionario acreditar cumplimiento, el foro primario señaló para el 2 de febrero de 2026 la vista para determinar la justa compensación de la expropiación.

Luego de varias incidencias procesales y en respuesta a una nueva solicitud de paralización que instó el Peticionario ante el TPI, al amparo del *SCRA,* el foro primario dejó sin efecto el señalamiento de vista pautado para el 2 de febrero de 2026. Lo antes, sujeto a que el Peticionario presente los documentos que requiere la Sección 3932(b)(2) del *SCRA,* dentro de los próximos treinta (30) días.[8]

Ajeno a dicha paralización, el Peticionario acude nuevamente ante esta Curia mediante el recurso de epígrafe, acompañado de una solicitud en auxilio de jurisdicción. Imputa al TPI lo siguiente:

> Erró el Tribunal de Primera Instancia al negar al demandado el derecho a presentar una contestación a la demanda, en violación al debido proceso de ley, al

---

[7] Véase, *Resolución*, notificada el 8 de enero de 2026.
[8] Cabe puntualizar que, surge del volante de notificación que, el Peticionario no fue notificado del referido dictamen.

penalizar el ejercicio legítimo de recursos jurisdiccionales y forzar al peticionario a renunciar a un derecho constitucional para preservar otro.

Erró el Tribunal de Primera Instancia al continuar con actuaciones sustantivas, incluyendo el señalamiento de una vista para determinar justa compensación, mientras su jurisdicción estaba siendo cuestionada activamente ante foros revisores, vaciando de contenido dichos recursos y causando un daño irreparable.

Erró el Tribunal de Primera Instancia al presuponer la validez de la expropiación y limitar el procedimiento exclusivamente al tema de justa compensación, sin permitir la contestación de la demanda ni la impugnación de la jurisdicción, la legalidad de la toma y la necesidad pública, incurriendo en un prejuzgamiento incompatible con el debido proceso.

El 5 de febrero de 2026, emitimos una *Resolución* en la cual denegamos la solicitud en auxilio de jurisdicción y concedimos un término al Municipio para exponer su posición. Transcurrido mayor término al concedido sin que el Municipio compareciera y, tal cual advertido, resolvemos sin el beneficio de su comparecencia.

**II.**

**A. *Certiorari***

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el

recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG*, 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Íd.* A tenor de la Regla 11(C) de nuestro Reglamento, *supra,* cuando la citada Regla 52.1 impida expedir el auto de *certiorari,* procede denegar su expedición.

**B. Manejo del caso ante el Tribunal de Primera Instancia**

El funcionamiento efectivo de nuestro sistema judicial y la pronta disposición de los asuntos litigiosos hacen necesario que los jueces de instancia ostenten gran flexibilidad y discreción para lidiar diariamente con el manejo y la tramitación de los asuntos judiciales. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). Es por ello que, a éstos se les ha reconocido poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 205 (2023). El Tribunal de Primera Instancia tiene el deber ineludible de garantizar que los procedimientos se ventilen sin demora, con miras a que se logre una justicia rápida y eficiente. *In re Pagani Padró,* 181 DPR 517, 529 (2011).

Como regla general, los foros revisores no intervendrán con el manejo del caso ante la consideración del TPI. *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018). Siendo así, el Tribunal Supremo ha manifestado que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio

utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto. *Íd.* El ejercicio adecuado de la discreción se relaciona de manera estrecha con el concepto de razonabilidad. *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

### III.

El Peticionario solicita nuestra intervención para que dejemos sin efecto la *Orden Señalando Vista* que notificó el TPI el 9 de enero de 2026, a los efectos de que, transcurrido el término que dicho foro le concedió para contestar la demanda, reservemos expresamente su derecho a presentarla. Como vimos, en su pronunciamiento el foro primario dispuso que, ante el incumplimiento del Peticionario con el término concedido para contestar la demanda, vencedero el 29 de diciembre de 2025, procedía señalar la vista para establecer cuál sería la justa compensación, a la cual debía comparecer acompañado de una representación legal. Entiéndase que, dentro del manejo del caso y expirado el plazo otorgado al Peticionario para instar su alegación responsiva, resolvió que correspondía fijar la vista sobre la justa compensación.

Cabe puntualizar que, luego de fijar dicha vista para el 2 de febrero de 2026, el TPI emitió una orden dejando sin efecto el referido señalamiento. Lo antes, en respuesta a la solicitud de paralización del Peticionario al amparo del *SCRA*, y sujeto a que este cumpla con la documentación que ha de presentar a esos efectos. Observamos que dicha orden de cancelación de la vista no fue notificada al peticionario por lo que requiere atención y acción correspondiente del foro primario.

No obstante, lo anterior y atención a la causa ante nos, hemos evaluado el recurso de epígrafe de conformidad con los criterios que establece la Regla 40 del Reglamento de este Tribunal, *supra,* y concluimos que el Peticionario no nos ha presentado un asunto que justifique nuestra intervención. Nada nos sugiere que, el foro

primario haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción, o cometido algún error de derecho al notificar la orden recurrida que establece un señalamiento de la vista sobre fijación de justa compensación. De manera que, nos abstendremos de intervenir en el manejo que realiza el foro *a quo* en esta etapa de los procesos. Tampoco nos encontramos ante una situación excepcional que amerite expedir el auto solicitado.

**IV.**

Por los fundamentos expuestos, denegamos la expedición del auto de *Certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones